UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jeremy Riddle, | Case No. 22-cv-464 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER STAYING CASE** |
| Sherburne County et al., | |
| Defendants. | |

---

This matter is before the Court on the parties' Letters to Magistrate Judge, ECF Nos. 28, 29.  For the reasons set forth below, this case is stayed until further order of the Court.

## I.  BACKGROUND

On February 18, 2022, Plaintiff Jeremy Riddle filed a Complaint against Sherburne County, Sherburne County Jail, Joel Brott, and Brian Frank (collectively, "the Sherburne County Defendants"); and Diana VanDerBeek, the Nursing Director at Anoka County Corrections & Workhouse, Jenn Simler, MEnD Correctional Care, PLLC, Todd Leonard, and MEnD Correctional Care Medical Staff (collectively, "the MEnD Defendants").[1]  Compl., ECF No. 1.

On May 3, 2022, the MEnD Defendants filed a Motion to Dismiss Plaintiff's Complaint.  ECF No. 12.  On June 30, 2022, the Court held a hearing on the MEnD Defendants' motion to dismiss and took the motion under advisement.  ECF No. 25.

---

[1] Plaintiff's Complaint also included claims against Defendants Melissa Burgess, Sherburne County Jail Medical Staff, Anoka County, Anoka County Corrections and Workhouse, Scot Wilson, Matt Hanson, Kurt Wosmek, and Anoka County Corrections Workhouse Medical Staff.  ECF No. 1.  These Defendants have not yet filed an answer or otherwise responded to the Complaint, nor have attorneys entered appearances on their behalf.

1

While the motion was under advisement, the Court was notified that Defendant MEnD Correctional Care, PLLC ("MEnD") filed for bankruptcy. *See* ECF No. 26. Specifically, on November 30, 2022, MEnD commenced a voluntary case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Minnesota. ECF No. 26 at 2; *see also* ECF No. 26-1. According to MEnD, "pursuant to section 632(a) of the Bankruptcy Code, the filing of a bankruptcy petition 'operates as a stay, applicable to all entities,' of, among other things 'the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . . .'" ECF No. 26 at 2.

After being notified that MEnD filed for bankruptcy, the Court issued an Order directing the parties to "meet and confer and file a joint letter indicating the status of this case in light of (1) [MEnD's] Notice of Bankruptcy Filing and Imposition of Automatic Stay, and (2) the pending MEnD Defendants' Motion to Dismiss Plaintiff's Complaint. ECF No. 27 (citing ECF Nos. 12, 26).

On December 12, 2022, the Sherburne County Defendants and MEnD Defendants filed a joint letter. ECF No. 28. MEnD states that its "position is all proceedings in this case are on hold, including the decision regarding the Motion to Dismiss that was taken under advisement." *Id*. According to MEnD, "the stay encompasses the claims as to the employees of MEnD who are individually named as defendants, as those claims are inextricably linked to MEnD's corporate status, *e.g.*, indemnity issues for employees." *Id*. Sherburne County states that its "position is an automatic stay under Bankruptcy Code is applicable to claims against MEnD only, and an automatic stay is not available to

2

nonbankrupt codefendants." *Id.* (citing *Croyden Assoc. v. Alleco, Inc.*, 969 F.2d 675, 766 (8th Cir. 1992)).  Further, the "Sherburne County Defendants do not take a position regarding MEnD's pending Motion to Dismiss." *Id.*

Plaintiff also filed a letter on December 12, 2022.  ECF No. 29.  Plaintiff states that his "position is an automatic stay under Bankruptcy Code is applicable to claims against MEnD only, and an automatic stay is not available to nonbankrupt codefendants." *Id.* (citing *Croyden*, 969 F.2d at 766).  Plaintiff, however, requests that "the Court issue a decision on the pending Motion to Dismiss and stay further proceedings for all parties until MEnD's bankruptcy proceedings have terminated." *Id.*  According to Plaintiff, he "and some or all of the Defendants may be prejudiced by the need to litigate the merits of this case piecemeal, especially if/when it becomes necessary for the parties to retain experts and when Plaintiff is unable to obtain material discovery material from MEnD that are necessary to Plaintiff's prosecution of claims against other Defendants." *Id.*

## II. ANALYSIS

The filing of a bankruptcy petition triggers an automatic stay of, *inter alia*, the "continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(1).  Thus, MEnD's bankruptcy filing triggers an automatic stay of Plaintiff's case against it under the Bankruptcy Code.

"The automatic stay does not, in general, apply to actions against third parties." *In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012); *Sav-A-Trip, Inc.*

3

*v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999) (holding that an automatic stay applicable to a defendant firm and one of its employees did not extend to nonbankrupt codefendants). "The only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in 'unusual circumstances.'" *Croyden*, 969 F.2d at 677 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)); *see C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002, 1015 (N.D. Ia. 2001) ("Eighth Circuit caselaw . . . is illustrative of a generalized reluctancy to expand the scope of the automatic stay provision of the Bankruptcy Code and to limit any expansion to truly extraordinary cases."). Notwithstanding the Bankruptcy Code, a federal district court has "the inherent power to stay the proceedings of an action, so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." *Armstrong v. Mille Lacs Cnty. Sheriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

As alleged in the Complaint, the actions of MEnD and the other Defendants are significantly intertwined with each other. *See, e.g.*, Compl. at 3 ("Throughout June, July, and August of 2021, Sherburne County, its staff, and its medical providers (i.e., MEnD Correctional Care staff) subjected [Plaintiff], a pretrial detainee, to medical deprivation . . . ."); Compl. at 4 ("Throughout November and December of 2021 and January and February of 2022, Anoka County, its staff, and its medical providers (i.e., MEnD Correctional Care) subjected [Plaintiff], a pretrial detainee, to medical deprivation . . . ."); Compl. at 5 ("[A]ll Defendants have ignored Plaintiff's obvious need for medical care.") ("Defendants' violations of [Plaintiff's] constitutional rights are a result of unconstitutional

policies and customs, for which Defendants must be held jointly and severally liable."). Further, all counts in the Complaint asserted against MEnD also include another Defendant. *See* Compl. at 26 (Count 1, a Fourteenth Amendment Violation of Substantive Due Process claim, brought against "All Defendants"); Compl. at 29 (Count 2, a Fourteenth Amendment Violation of Procedural Due Process claim, brought against "All Defendants"); Compl. at 31 (Count 3, an Eighth Amendment Violation claim, brought against "Anoka County Defendants and MEnD Correctional Care, PLLC"); Compl. at 36 (Count 6, a Negligence claim, brought against "All Defendants"). Because Plaintiff's suit against MEnD cannot proceed by reason of the automatic bankruptcy stay, the Court finds that Plaintiff's suit against the other Defendants should not proceed at this time either so as to avoid duplicative proceedings and expenses and piecemeal resolution of this dispute. Accordingly, judicial economy warrants a stay of Plaintiff's suit in its entirety.

In light of the stay, the Court cannot address the MEnD Defendants' motion to dismiss at this time as a decision on the motion would constitute a "continuation . . . of [an] action or proceeding against the debtor," here, MEnD. *See* 11 U.S.C. § 362(a)(1); *see also Great American Ins. Co. v. Letourneau & Sons, Inc.*, No. 08-cv-520 (RHK/RLE), 2009 WL 10711074, at *3 (D. Minn. Jan. 23, 2009) (finding that because a defendant was still in the midst of bankruptcy proceedings, the automatic stay provisions were applicable to any legal proceedings against him, including the pending motion for withdrawal from representation as counsel).

Lastly, to ensure this matter does not become stale, MEnD shall submit a status letter to the Court every three months to apprise the Court of the current status of MEnD's bankruptcy case and its effect on this proceeding beginning April 3, 2023.

### III. ORDER

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. This case is **STAYED** until further order of the Court.

2. Beginning April 3, 2023, MEnD shall submit a status letter to the Court every three months to apprise the Court of the current status of MEnD's bankruptcy case and its effect on this proceeding.

Date: January __25__, 2023              _s/Tony N. Leung_
                                                              Tony N. Leung
                                                              United States Magistrate Judge
                                                              District of Minnesota

                                                              *Riddle v. Sherburne County et al.*
                                                              Case No. 22-cv-464 (JRT/TNL)